# Court of Appeals
# of the State of Georgia

ATLANTA,   October 06, 2015

*The Court of Appeals hereby passes the following order:*

**A15A1269. WOOTEN v. THE STATE.**

Alphonso Wooten filed a pro se notice of appeal and brief in this case, alleging that he is indigent and has been forced to proceed pro se due to the denial of the appointment of appellate counsel. While the state claims that Wooten was not denied appellate counsel, it also acknowledges that it is unclear from the record why he is proceeding pro se in this direct appeal from the denial of his motion for a new trial. Given the lack of clarity in the record, we remand the case to the trial court for a determination of whether Wooten has waived his right to appellate counsel or whether appellate counsel should be appointed.

The record shows that Wooten was appointed trial counsel and proceeded to a jury trial on March 2, 2010. But after the trial had begun, Wooten requested, and was allowed, to represent himself for the remainder of the trial.  The jury found him guilty of armed robbery and aggravated assault. The court merged the offenses for sentencing, and entered a judgment of conviction and life sentence for armed robbery. Wooten filed a pro se motion for new trial. He subsequently requested appellate counsel. On June 27, 2011, the trial court contacted Robert Persse, chief public defender of the Ogeechee Judicial Circuit, and asked him to assign appellate counsel to represent Wooten. Persse subsequently filed a motion for new trial on Wooten's behalf. Over a year late, on January 4, 2013, another attorney, Melissa Lawrence, of the Atlanta Judicial Circuit Public Defender's Office, filed a notice of appearance as counsel for Wooten. Lawrence filed a motion and amended motion for new trial, and represented Wooten at two hearings held in March 2013.  Nearly two years later, on January 27, 2015, the trial court entered its order denying Wooten's motion for new

trial. Wooten timely filed his pro se notice of appeal from that order.

"[I]t is beyond question that an indigent has the right to appointed counsel to assist him on direct appeal. [A]nd, an individual desiring an appeal need not, once a responsible state authority knows of the desire to appeal and knows of the status of indigency, specifically request appointment of appellate counsel." *Trauth v. State*, 295 Ga. 874, 875-876 (1) (763 SE2d 854) (2014) (citations omitted). In this case, it is unclear from the record why neither Lawrence nor Persse, attorneys who made post-conviction appearances on Wooten's behalf, is representing him on appeal. The record does not reveal if they withdrew from the case or if Wooten affirmatively waived representation by them or any other appellate counsel. See *Calmes v. State,* 312 Ga. App. 769, 772-774 (3) (719 SE2d 516) (2011). Accordingly, the case is hereby remanded to the trial court for a timely determination of these issues, after which Wooten may again exercise his appellate rights.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* _____10/06/2015_____
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*